**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| **BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND; BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY; BOARD OF TRUSTEES, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE; BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST FUND; BOARD OF TRUSTEES, SHEET METAL WORKERS' INTERNATIONAL SCHOLARSHIP FUND; and BOARD OF TRUSTEES OF NATIONAL STABILIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND;** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

8403 Arlington Boulevard, Suite 300
Fairfax, VA  22031

          **Plaintiffs,**

          **v.**

**FIVE STAR KICTHEN INSTALLATIONS, INC.**
2 Linden Lane
Farmingville, NY 11738

      **SERVE:**
           New York Secretary of State
           Statutory Agent
           One Commerce Plaza
           99 Washington Avenue
           Albany, NY 12231

          **Defendant.**

C.A. No. 1:18-at-99999

**Additional Required Service under 29 U.S.C. § 1132(h) to:**

**U.S. Department of Labor Attn: Assistant Solicitor for Plan Benefits Security 200 Constitution Ave., NW Washington, DC 20002**

**U.S. Department of Treasury Attn: Secretary of the Treasury 1500 Pennsylvania Ave., NW Washington, DC 20220**

## COMPLAINT

COME NOW, Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMIC"), the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), and the Sheet Metal Workers' International Scholarship Fund ("SMWISF") (collectively, the "Funds" or "Plaintiffs"), hereby complain of Defendant Five Star Kitchen Installations, Inc. ("Defendant") as follows:

### Introduction

1.      This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145.  This action is also brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  The Funds seek a money judgment awarding delinquent contributions, accrued interest, liquidated damages, late fees, and attorneys' fees and costs now due and hereafter due, through the date of judgment, by Defendant to the Funds, pursuant to ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the collective bargaining agreement, the Trust Documents governing the Funds, and Section 301 of LMRA.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction under ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f); LMRA § 301(a), 29 U.S.C. § 185(a); and 28 U.S.C. § 1331.

3.      Venue lies in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), which provides that an action may be brought in the district where the plan is administered.  In this

case, the Funds are administered in Fairfax, Virginia.  Accordingly, venue is proper in this District.

4.     Personal jurisdiction exists over Defendant pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), which provides that while an action may be filed in the district where the plan is administered, process may be served on a defendant in any other district where a defendant resides or may be found.

**Parties and Background**

5.     Plaintiff Board of Trustees of NPF is a duly authorized Board of Trustees whose duty it is to administer NPF for the benefit of the participants and beneficiaries of NPF. NPF is an employee pension benefit plan within the meaning of Sections 3(2) of ERISA, 29 U.S.C. § 1002(2), an employee benefit plan within the meaning of Sections 3(3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), established and maintained for the purpose of providing pension benefits to eligible employees.  NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2).  NPF, the NPF trust fund, and the Board of Trustees of NPF are individually or jointly referred to as "NPF" in this Complaint.  NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6.     Plaintiff Board of Trustees of ITI is a duly authorized Board of Trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) of ERISA, 29 U.S.C.

§ 1002(1), an employee benefit plan within the meaning of Sections 3(3) of ERISA, 29 U.S.C. §

1002(3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C.

§ 1002(37)(A), established and maintained for the purpose of providing apprenticeship training

and educational benefits to eligible employees. ITI is, and at all times material herein has been, a

jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C.

§ 186(c)(5).  The Trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of

ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections

502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, the Board

of Trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is

administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

      7.     Plaintiff Board of Trustees of NEMIC is a duly authorized Board of Trustees

whose duty it is to oversee the operations of NEMIC. NEMIC is a not-for-profit joint labor-

management organization established pursuant to the LMRA and 29 U.S.C. § 186(c)(9), jointly

sponsored by the International Association of Sheet Metal, Air, Rail and Transportation Workers

("SMART") and the Sheet Metal and Air Conditioning Contractors' National Association

("SMACNA"), and funded by contributions under various collective bargaining agreements.

NEMIC is located at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

      8.     Plaintiff Board of Trustees of SMOHIT is a duly authorized Board of Trustees

whose duty it is to oversee the operations of SMOHIT. SMOHIT is a joint labor-management

health and safety organization established under the LMRA and 29 U.S.C. § 186(c)(5) jointly

sponsored by SMART and SMACNA, and funded by contributions under various collective

bargaining agreements. The organization and its Trustees are individually and jointly referred to

as "SMOHIT" in this Complaint. SMOHIT is located at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

9.      Plaintiff Board of Trustees of SASMI is a duly authorized Board of Trustees whose duty is to administer SASMI. SASMI is a trust fund established under 29 U.S.C. § 186(c)(5) and a "employee welfare benefit plan" within the meaning of Sections 3(1) of ERISA, 29 U.S.C. §§ 1002(1), an "employee benefit plan" within the meaning of Sections 3(3) of ERISA, 29 U.S.C. §§ 1002(3), and a "multiemployer plan" within the meaning of ERISA 3(1) and (37), 29 U.S.C. § 1002(1) and (37).   The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of ERISA sections 3(16) and 402(a), 29 U.S.C. §§ 1002(16) and 1102(a), and each individual trustee is a "fiduciary" within the meaning of ERISA section 3(21), 29 U.S.C. § 1002(21).   The plan and its Trustees are individually and jointly referred to as "SASMI" in this Complaint.   SASMI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.   SASMI provides two forms of benefits to participating employees: the retiree health premium benefit and the retiree Health Care Reimbursement Account benefit ("HCRA").   Both benefits are funded by employer contributions to SASMI.

10.     Plaintiff Board of Trustees of SMWISF is a duly authorized Board of Trustees whose duty it is to administer SMWISF for the benefit of the participants and beneficiaries of the SMWISF. SMWISF is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(2), an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and a "multiemployer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing scholarship benefits. SMWISF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §

186(c)(5).  The Trustees of SMWISF are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2).  The trust, its Trustees and plan are individually and jointly referred to as "SMWISF" in this Complaint. SMWISF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

11.     At all times relevant to this action, Defendant was an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and was engaged in an "industry affecting commerce," within the meanings of ERISA §§ 3(11) and (12), 29 U.S.C. §§ 1002(11) and (12).

12.     At all times relevant to this action, Defendant has been a New York corporation with a principal place of business at 2 Linden Lane, Farmingville, New York 11738.

**Allegations in Support of Relief Sought**

13.     The Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

14.     At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union No. 28 and/or International Association of Sheet Metal, Air, Rail and Transportation Workers, Local Union Local Union No. 27 (collectively, the "Locals"), labor organizations representing employees in an industry affecting interstate commerce.

15.     At all times relevant to this action, Defendant was bound by one or more collective bargaining agreements (collectively, the "CBAs") with the Locals.

16.     Pursuant to the terms of the CBAs, Defendant is obligated to abide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments

thereto and policies and procedures adopted by the Board of Trustees (collectively, the "Trust Documents").

17.     Pursuant to the terms of the CBAs and Trust Documents, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to the Fund for all hours worked or paid on behalf of Defendant's covered employees who are employed in any jurisdiction of SMART.

18.     Pursuant to the terms of the CBAs and Trust Documents, the completed remittance reports and accompanying contribution payments are due to the Funds no later than the twentieth day after the end of each month during which covered work was performed, and are delinquent if received thereafter.

19.     When an employer, such as Defendant, fails to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the CBAs, the Trust Documents, and LMRA § 301, 29 U.S.C. § 185, impose liability on the employer for the following:

> a.     The unpaid contributions;
>
> b.     Interest on the delinquent contributions at the rate of 0.0233% per day, compounded daily;
>
> c.     The greater of interest on the delinquent contributions at the above rate or liquidated damages equal to twenty percent of the delinquent contributions owed upon commencement of litigation; and
>
> d.     Liquidated damages equal to the greater of fifty dollars ($50.00) or ten percent of the contributions due for each month of contributions paid late

(*i.e.*, 30 days after the due date), and before any lawsuit is filed ("Late Fees");

e.    The attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts, including the attorneys' fees and costs of this action.

20.    The Funds must rely, in the first instance, upon the accuracy of the contributing employers, such as Defendant, in reporting hours worked and paid, and in properly calculating and reporting the contributions owed on behalf of their covered employees.

21.    Without the information contained in the remittance reports, the Funds cannot determine the amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

**<u>Count I: Delinquent Contributions Owed Under ERISA</u>**

22.    The Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

23.    During the months of November 2016 through May 2018, Defendant employed employees for whom contributions were due to the Funds and failed to make all of the required contributions, despite its obligation to do so under the CBAs, Trust Documents, and Section 515 of ERISA, 29 U.S.C. § 1145.

24.    Based on remittance reports that Defendant prepared and submitted to the Funds, Defendant failed to pay all amounts due to the Funds under the Agreement and Trust Document for November 2016 through May 2017 and paid no contributions for November 2017, resulting in a total delinquency of $7,315.88.  In addition to those delinquent contributions, Defendant owes the Funds accrued interest thereon in the amount of at least $527.64 and liquidated damages in the amount of $1,463.17.

25.      Defendants paid $3,052.08 in contributions to the Funds for December 2016 through April 2017, but did so more than 30 days after the due date.  As a result, Defendant owes the Funds Late Fees in the amount of $335.14 with respect to those contributions.

26.      During the months of June 2017 through October 2017 and December 2017 through May 2018, Defendant employed employees for whom contributions were due to the Funds but failed to submit remittance reports to the Fund and make the required contributions, despite its obligation to do so under the CBAs, Trust Documents, and Section 515 of ERISA, 29 U.S.C. § 1145.

27.      Based on the hours reported for the month of May 2017 and November 2017, respectively, the Funds estimate that Defendant owes contributions in the amount of $38,189.60 for the months of June through October 2017 and December 2017 through May 2018, along with accrued interest calculated in the amount of at least $1,124.34 and liquidated damages in the amount of $7,637.92.

**WHEREFORE,** the Plaintiffs request a judgment on behalf of the Funds against Defendant for all amounts due to the Funds at the time this cause reaches judgment and other relief, to wit:

(a)      Awarding to the Funds all of the sums due to the Funds under the terms of the Agreement, the Trust Documents, ERISA §§ 502(g)(2) and 515, and LMRA § 301, including all of the following:

      i.      Delinquent contributions in the amount of $45,505.48;

      ii.      Interest on the delinquent contributions at a rate of 0.0233% per day, compounded daily, from the date due until the date paid, or the date of judgment in the amount of at least $1,651.98;

iii.      An amount equal to the greater of interest calculated at the above rate or liquidated damages equal to 20% of the delinquent contributions in the amount of at least $9,101.09;

iv.      Late Fees equal to the greater of fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions paid in amount of at least $335.14; and

v.      The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the fees and costs of this action;

vi.      Additional contributions, interest, and liquidated damages that become due and owing prior to judgment; and

(b)      Granting the Funds such further and other relief as may be just and proper.

## Count II: Claim to Compel Audit

28. The Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

29. The Trust Documents for the respective Funds provide that the Trustees of the Funds have the authority to conduct an audit payroll wage records encompassing all employees and any job or project information of any employer for the purposes of assuring the accuracy of reports and contributions, compliance with the terms of the Trust Documents or the applicable plan document.

30. At all times relevant to this action, the Trust Documents provided that the Trustees have the right to audit any employer that participates in the Funds for the purposes of, *inter alia*, assuring the accuracy of reports and contributions and compliance with applicable law and the Trust Documents.

31.    The Trust Documents provide that if an audit reveals that insufficient contributions have been made, the employer may be required to pay all fees, including audit fees and expenses, as well as attorneys' fees incurred in collecting those fees and expenses.

32.    Pursuant to the Trust Documents, Defendant has been and remains obligated to abide by the terms and conditions of the Funds' Procedures for the Collection of Contributions ("Collections Policy").

33.    The Collections Policy also provides the Trustees with the authority to establish an audit program, including audits of an employer's records necessary for the Funds to foster full payment of contributions.

34.    The terms of the Collections Policy provide that:

A Delinquent Employer (or an Employer against whom Trustees institute legal action to enforce the right to audit) shall be expected to reimburse the Fund for all costs incurred in enforcing the Employer's contribution obligations, including the obligation to submit to an audit. Such costs include, but are not limited to audit fees and costs, attorneys' fees, filing fees, fees for service, travel, copying charges, postage, expert fees, and any other costs incurred by the Fund to determine, discover or collect any of the amounts described herein.

35.    On April 26, 2018, NPF notified Defendant that the NPF's accounting firm, Calibre CPA Group, would be conducting an audit of Defendant's payroll records.

36.    Defendant has failed to allow access to its records so that the NPF, on behalf of itself and the other Funds can conduct an audit as required by the Trust Documents and the Collections Policy.

37.    Pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Funds' Trust Documents, and the Collections Policy,  Defendant is liable to the Funds for the attorneys' fees and costs of any action entered in court, any delinquent contributions discovered as a result of the audit,  any accrued interest on the delinquent contributions and any audit fees incurred.

**WHEREFORE,** The Funds request that the Court:

(a)     Order Defendant forthwith to permit an audit of all records necessary to perform a complete audit including wage, payroll, and personnel records for the period of November 1, 2015 through November 30, 2017, during which time Defendant has been obligated to contribute to the Funds; and

(b)     Order Defendant to pay to the Funds any delinquent contributions discovered in the audit and the interest accrued thereon; and

(c)     Order Defendant to pay to the Funds the audit fees and costs; and

(d)     Order Defendant to pay the Funds' attorneys' fees and the costs of this action, including fees and costs incurred in the execution of any judgment awarded, as set forth in the Funds' Trust Documents and Section 502(g) of ERISA, as amended, 29 U.S.C. § 1132(g); and

(e)     Retain jurisdiction of this case pending compliance with its orders; and

(f)     Grant the Funds such further and other relief as may be just and proper.

Dated: Washington, DC
July 20, 2018

Respectfully submitted,

*/s/ Christopher M. Leins*
Christopher M. Leins (VA Bar No. 78742)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue N.W., Ste. 450
Washington, DC  20036
(202) 797-8700
(202) 234-8231 (facsimile)
cleins@slevinhart.com
*Attorney for Plaintiffs*

A copy of this Complaint will be served by certified mail upon the Secretary of Labor and the Secretary of the Treasury, as required by ERISA § 502(h), 29 U.S.C. § 1132(h).

20645326v1